FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF JASON EDWARD CAPPS[1] | No.   2:22-MJ-0193-JAG<br><br>CERTIFICATION OF EXTRADITABILITY AND ORDER |

On November 2, 2022, the Court held a hearing to determine whether sufficient evidence exists to sustain the charge under the proper treaty to certify to the Secretary of State that a warrant may issue for the surrender of JASON EDWARD CAPPS ("Mr. Capps"). Mr. Capps appeared represented by Attorney Bevan Maxey. Assistant U.S. Attorney Timothy Ohms represented the United States. The Court admitted the Government's Exhibits 1, 2, 3 and 3A and heard argument from the parties.

**I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court makes the following findings of fact and conclusions of law:

1.    <u>The Court's Ability to Conduct Extradition Proceedings:</u>

This Court is authorized to conduct extradition proceedings. 18 U.S.C. § 3184, *see also* LMJR 2(a)(2).

---

[1] Mr. Capps legally changed his name to Jason Edward Schnatterle. The Court refers to him by the name listed in the arrest warrant and extradition materials.

ORDER - 1

2. The Court's Jurisdiction Over Mr. Capps:

This Court has jurisdiction over Mr. Capps. The United States Marshal Service arrested Mr. Capps in Clarkston, Washington. ECF No. 19. is within the Eastern District of Washington. Since Mr. Capps was found within this jurisdiction, the personal jurisdictional requirement of 18 U.S.C. § 3184 is met.

3. The Force and Effect of the Extradition Treaty:

The applicable treaty, the Extradition Treaty Between the Government of the United States of America and the Government of the Republic of Korea ["Extradition Treaty"], is in full force and effect. "The Treaty shall enter into force upon the exchange of the instruments of ratification." Article 21, ECF No. 32-1, Bates 26. The parties exchanged ratifications at Seoul, South Korea, on December 20, 1999. https://www.state.gov/wp-content/uploads/2019/02/12962-South-Korea-Law-Enforcement-Extradition-6.9.1998.pdf.

4. The Alleged Crime and the Extradition Treaty:

The crime of Causing Another's Bodily Injury by Rape qualifies as an extraditable offence pursuant to Article 2 of the Extradition Treaty:

> (1) An offense shall be an extraditable offense if, at the time of the request, it is punishable under the laws in both Contracting States by deprivation of liberty for a period of more than one year, or by a more severe penalty.
>
> (2) An offense shall also be an extraditable offense if it consists of an attempt . . . of an offense described in paragraph 1, provided that the requirements of paragraph 1 are met.

Extradition Treaty, Article 2, ECF No. 32-1.

Causing Another's Bodily Injury by Rape is analogous to the Federal crime of Attempted Aggravated Sexual Abuse, 18 U.S.C. § 2241(a)(1), and Washington States' crime of Criminal Attempt/Second-Degree Rape, Wash Rev. Code Ann. § 9A.28.020 and § 9A.44.050. Korean law defines Causing Another's Bodily Injury by Rape as follows: "A person who commits any of the crimes of Articles

ORDER - 2

297 (Rape), 297-2, and 298 through 300 (Attempts), thereby inflicting or causing the injury of a victim of such crime, shall be punished by imprisonment for life or for at least five years." ECF No. 32-1, Bates 139.  Similarly, the United States Code defines Aggravated Sexual Abuse as follows: "Whoever, [in a Federal jurisdiction] knowingly causes another person to engage in a sexual act— (1) by use of force against that person . . . or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both." 18 U.S.C. § 2241(a)(1). Washington law also recognizes forcible rape as an offense: "A person is guilty of rape in the second degree when, under circumstances not constituting rape in the first degree, the person engages in sexual intercourse with another person: (a) By forcible compulsion . . . Rape in the second degree is a class A felony." RCW 9A.44.050.  Additionally, RCW 9A.28.020 criminalizes an attempt.

Though the Korean law specifically criminalizes 'causing injury' during an attempted rape and the American laws lack that specificity, each statute aims to combat a similar evil.

> The primary focus of dual criminality has always been on the conduct charged; the elements of the analogous offenses need not be identical.  When the laws of both the requesting and the requested party appear to be directed to the same basic evil, the statutes are substantially analogous, and can form the basis of dual criminality.

*Clarey v. Gregg*, 138 F.3d 764, 766 (9th Cir. 1998) (internal citation omitted). Injury caused by forcible attempted rape is analogous to forcible attempted commission of a sexual act and forceable rape because each statute aims to prevent forcible sexual contact.

As quoted above, each of the statutes are punishable by a deprivation of liberty in excess of one year, thus satisfying the treaty requirement that a crime must be punishable by deprivation of liberty in excess of one year.

ORDER - 3

5. <u>Probable Cause</u>:

Sufficient evidence supports probable cause. According to the Ninth Circuit, in the extradition context, probable causes exists where there is any evidence warranting the finding that there is a reasonable ground to believe that the accused is guilty. *Mirchandani v. United States,* 836 F.2d 1223, 1226 (9th Cir. 1988). "For the purposes of extradition proceedings, the extradition magistrate properly accepts as true the offers of proof from the demanding state." *In re the Extradition of Kyung Joon Kim,* 2005 WL 6399831, at 11 (C.D. Cal. October 5, 2005).

Korea submitted the victim's statement, medical certification, and photos of texts in support of the charge of violation of Article 301 of the Korean Criminal Act. Prosecutors must prove that defendant injured the victim during an obstructed attempt to rape her. See Article 297, 300, and 301 of the Korean Criminal Act, discussed in ECF No. 32-1. In her statement at ECF No. 32-1, Bates 34-38, the alleged victim stated the following: The victim describes Mr. Capps planning to meet with her to discuss employment with her school. He managed to convince her to stop by his home prior to their meeting where she entered because he told her that he had something to show her. She ended up in his bedroom. She described Mr. Capps holding her down on his bed while she struggled to escape. She indicated that he kissed and fondled her while he had her pinned, and he attempted to remove her pants. The victim reported to law enforcement that Mr. Capps told her he intended to have sex with her during the struggle. She escaped to the bathroom, but was unable to get out of the house. She described wedging herself in the door frame to avoid being overpowered again. According to the victim, Mr. Capps eventually gave up, and agreed to drive her home. The victim reported the crime first to friends, then to law enforcement. She visited the hospital where they documented injuries consistent with her account of events.

ORDER - 4

She allowed law enforcement to photograph text messages she indicated were from Mr. Capps that corroborated her statement.

The alleged victim's account, plus corroborating evidence, provides ample evidence of probable cause in this case. The alleged victim suffered injuries during a struggle wherein Mr. Capps made forcible sexual advances that the victim fended off. Accordingly, on the record before the Court, there is probable cause to support the extradition request.

## II.    CERTIFICATION OF EXTRADITABILITY AND ORDER

Based on these findings the Court **CERTIFIES** to the Secretary of State that the Government's evidence is "sufficient to sustain the charge under the proper treaty…" 18 U.S.C. § 3184. Having so found, this Court must issue a "warrant for the commitment of the [Mr. Capps] to the proper jail, there to remain until such surrender shall be made." Accordingly, Mr. Capps is **REMANDED** to the custody of the United States Marshal Service to be surrendered as directed by the Secretary of State. **IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to counsel, send by way of certified mail the following documents to:

> U.S. Department of State Office of the Legal Adviser/LEI, Room 4331
> ATTN: Amy Stoller
> 2201 C Street, NW
> Washington, D.C. 20520

(1) certified copies of this Certification of Extraditability and Order, (2) a certified transcript of the extradition hearing, and (3) the original exhibits filed with the Court, and **CLOSE** this file.

DATED November 9, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 5